# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZAK SHAIK, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-311-RAW-GLJ |
| | ) |
| MURRAY COUNTY | ) |
| COMMISSIONERS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court is the plaintiff's "direct rebuttal to unconstitutional orders of December 21, 2024," which the court has directed be filed as a motion to reconsider. As reflected in the Magistrate Judge's Report and Recommendation: "Plaintiff filed this action on August 27, 2024, alleging claims for violation of due process, equal protection, and abuse of power arising out of tax assessments of certain properties allegedly owned by Plaintiff in Sulphur, Oklahoma." (#21 at 1-2).

The procedural history is set forth in the remainder of the quite thorough Report and Recommendation. Essentially, plaintiff's application to proceed *in forma pauperis* (IFP) provided insufficient information. The Magistrate Judge ultimately conducted a telephonic hearing and reached the conclusion that "Plaintiff's IFP motion is materially incomplete, misleading and false, and should be denied." *Id.* at 10. The undersigned affirmed and adopted the Report and Recommendation (#24). The motion for leave to proceed IFP was

denied, and plaintiff was granted fourteen days to pay the requisite filing fee or the action would be dismissed without prejudice.

The present case is one of five civil actions plaintiff has filed in the United States District Court for the Eastern District of Oklahoma. In the other four, Magistrate Judge Jackson (after the hearing held in the present case) entered Reports and Recommendations which rescinded previous grants of IFP applications. In the present case, no such previous grant had taken place. Although the undersigned's order mistakenly stated to the contrary in its first paragraph, it correctly denied plaintiff's application. Also, the order was entered December 20, 2024, not December 21, as in the caption of the present motion.

In the pending motion, plaintiff sees "coordinated obstruction" in the fact that the court issued its orders in all five cases at roughly the same time. On the contrary, this was simply a matter of judicial efficiency, as the cases involved the same issue and depended upon the resolution (based upon a hearing) in the case at bar. Plaintiff's arguments along these lines are logical only if he proceeds from the assumption that the granting of IFP status is "automatic," no matter the quality of the supporting documentation. It is not. Proceeding IFP in a civil case is a privilege, not a right – fundamental or otherwise. *White v. Colorado,* 157 F.3d 1226, 1233 (10th Cir.1998). The decision to grant or deny IFP status under 28 U.S.C. §1915 lies within the district court's sound discretion. *Cabrera v. Horgas*, 1999 WL 2241783, *1 (10th Cir.1999).

Plaintiff states that among the "practical impossibilities" now facing him is the paying

of five separate filing fees within 14 days. This is a danger inherent in filing five separate civil actions. In any event, for purposes of the present order, the case at bar is a <u>single</u> case, and plaintiff has not paid the filing fee. Indeed, he states "[n]o fees will or can be paid within 14-day deadline." (#25 at 3). The court's previous order stated that failure to pay the filing fee would result in dismissal of the complaint without prejudice. The court, however, declines to so at this time.

Under Tenth Circuit authority, "[w]hile the denial of leave to proceed IFP is itself a final, appealable order over which we have jurisdiction, dismissal of a complaint without prejudice is generally not final or appealable." *Lemons v. K.C. Mo. Police,* 158 Fed. Appx. 159, *1 (10th Cir.2005). Plaintiff asserts that unless his motion is granted he will be forced to, *inter alia*, "[f]ile emergency appeals highlighting synchronized denial of access." (#25 at 4). Under *Lemons,* they need not be emergency appeals – the present orders as they stand appear to be appealable, although that is a decision for the Tenth Circuit. This court will not at this time, however, dismiss any of the complaints without prejudice, as such orders are non-appealable. The court does not wish to place any "barrier" between plaintiff and an appeal of what he contends is an unconstitutional decision.

Of course, the United States Court of Appeals for the Tenth Circuit also has requisite filing fees. "A motion to proceed *ifp* on appeal, <u>supported by required documents</u>, must be made in the first instance to the district court. Only if that motion is denied is there occasion to file an *ifp* motion with this court." *Boling-Bey v. U.S. Parole Comm'n,* 559 F.3d 1149,

1154 (10th Cir.2009)(emphasis added). *See* Rule 24(a) of the Federal Rules of Appellate Procedure.

It is the order of the court that the plaintiff's motion to reconsider (#25) is hereby denied. If plaintiff has not filed a notice of appeal within the time period allowed by the Federal Rules of Appellate Procedure, the complaint will be dismissed without prejudice. The court will then address the motions to reconsider pending in the other four cases filed by plaintiff.

**IT IS SO ORDERED** this 13th day of JANUARY, 2025.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**